# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| David Earl Wattleton, | Civil No. 12-653 (SRN/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mrs. Sparzke, | |
| Defendant. | |

---

This matter is before the undersigned United States Magistrate Judge on the application of the above-named Plaintiff, David Earl Wattleton ("Wattleton"), for leave to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Wattleton's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Wattleton is an inmate at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). He is being detained pursuant to 18 U.S.C. § 4243, because he was found not guilty by reason of insanity at the conclusion of a 2000 federal criminal trial in the Northern District of Georgia. (Complaint, [Doc. No. 1], Addendum, p. 1, citing *United States v. Wattleton*, 110 F.Supp.2d 1380 (N.D.Ga. 2000), *aff'd*, 296 F.3d 1184 (11th Cir.), *cert. denied*, 537 U.S. 924 (2002).)

Wattleton is attempting to sue a single Defendant named Mrs. Sparzke ("Sparzke"), who

1

allegedly is the "Institutional Mailroom Supervisor" at FMC-Rochester. Wattleton is seeking a judgment against Sparzke pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that Sparzke has violated his constitutional right of access to the courts.

Wattleton initially alleges that in October 2011 he commenced a new federal court action in the United States District Court for the Northern District of Georgia. (Complaint, Addendum, p. 1.) Over the course of the next few months, he attempted to file several documents in that case. (*Id.*, p. 2.) Apparently, asked the Northern District of Georgia Court to verify that those documents actually were filed. (*Id.*) There are no allegations suggesting that any of those documents were not filed, nor are there any allegations suggesting that Sparzke mishandled any documents pertaining to Wattleton's pending action in the Northern District of Georgia.[1]

Wattleton also alleges that in February 2008, (more than four years ago), "the defendants[2] refused to transfer any of his legal correspondence to the Atlanta City Detention Center where he was temporarily located." (Complaint, Addendum, p. 3.) He claims that "[a]s a result, he did not receive notice of the denial of the February 23, 2008, decision of the Northern

---

[1] This Court has been able to review the record in Wattleton's pending case in the Northern District of Georgia, by means of the Case Management\Electronic Case Filing system ("CM/ECF") that is maintained by the federal judiciary. That record confirms that Wattleton did indeed commence a new civil action in the Northern District of Georgia in October 2011: *Wattleton v. United States Department of Justice*, No. 1:11-cv-3660-ODE-ECS (N.D.Ga.). The record also confirms that Wattleton has filed several documents in the case since it was initiated, and the case is still being actively litigated at this time.

[2] Wattleton's complaint inexplicably includes several anomalous references to "defendants," (plural), even though it clearly appears he is suing only one party − Sparzke.

District of Georgia, Case No. 99-00599, and did not file a timely notice of appeal and lost his right to appeal that decision." (*Id.*, pp. 3-4.)

Based on these allegations pertaining to Wattleton's two cases in the Northern District of Georgia, he claims that "defendants wish to interfer [sic] with plaintiff's right to access to the courts," because "defendants have a bias and racial animus against him." (*Id.*, pp. 2-3.) Wattleton is seeking a judgment in this case "enjoining the defendants and all outside federal agencies from interfering with or destroying his incoming and outgoing legal correspondence." (*Id.*, p. 1.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

To state a cause of action on which relief may be granted, a claimant must allege a set of specific historical facts, which, if proven true, would entitle the claimant to some redress against the named defendant(s) under some cognizable legal theory. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The facts supporting a plaintiff's claims must be set forth clearly. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th

Cir. 2004).

In this case, Wattleton claims that Sparzke has violated his constitutional right of access to the courts and seeks an injunction to prevent further interference with, or destruction of, "incoming and outgoing legal correspondence."

The Court finds that Wattleton has failed to plead an actionable denial of access to the courts claim against Sparzke, or anyone else. Wattleton's claims are predicated on two federal court proceedings described in his complaint – (1) a lawsuit that he commenced a few months ago in the Northern District of Georgia, which is still pending, and (2) another matter that was being litigated in 2008 in the Northern District of Georgia. Nevertheless, Wattleton has not alleged facts showing that Sparzke did anything, or failed to do anything, that interfered with his right of access to the courts in either of those two proceedings.

With regard to Wattleton's currently pending action in the Northern District of Georgia, (*see* n. 1, *supra*), Wattleton has not alleged any facts showing that Sparzke has interfered **in any way** with correspondence he attempted to send to the court, or any correspondence that the court sent to him. Nor has Wattleton alleged any facts suggesting that Sparzke will hereafter interfere with his right of access to the courts in his pending case in the Northern District of Georgia.

Similarly, no factual allegations suggest that Sparzke interfered with the 2008 court proceedings described in Wattleton's complaint.[3] Even if there were allegations showing that

---

[3] Wattleton's complaint indicates that the 2008 proceedings occurred in Case No. 99-599, but that appears to be a mistake. Wattleton's criminal prosecution in the Northern District of Georgia was initiated in a case identified as *United States v. Wattleton*, No. 1:99-mj-599-CCH-1, but that case was closed and effectively superceded when Wattleton was indicted and prosecuted in *United States v. Wattleton*, No. 1:99-cr-306-TWT-LTW. The docket sheet for the latter case, (No. 99-306), shows that two orders were entered in that case in February 2008. The docket sheet also indicates that Wattleton's copy of at least one of those

Sparzke (or someone else) interfered with Plaintiff's mail back in 2008, such allegations could not support his present request for injunctive relief against Sparzke. Wattleton is entitled to injunctive relief only upon showing that Sparzke is likely to violate his right of access to the courts in the future. Federal courts can only adjudicate genuine cases and controversies; they cannot enter pre-emptive orders based on speculation about events that might or might not occur in the future. *See Public Water Supply Dist. No. 8 of Clay County, Mo. v. City of Kearney, Mo.*, 401 F.3d 930, 932 (8th Cir. 2005) (although a claimant need not wait until an injury actually has been suffered, "[b]efore a claim is ripe for adjudication... the plaintiff must face an injury that is 'certainly impending'") (quoting *Pennsylvania v. West Virginia*, 262 U.S. 553, 593 (1923)); *Public Water Supply Dist. No. 10 of Cass County, Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 573 (8th Cir. 2003) (the Eighth Circuit Court of Appeals "has repeatedly stated that a case is not ripe if the plaintiff makes no showing that the [purported] injury is direct, immediate, or certain

---

orders was initially returned to the Clerk as "undeliverable." A later docket sheet entry indicates that the Eleventh Circuit Court of Appeals remanded the matter to the trial court to determine whether Wattleton should be allowed to file a late appeal, because he did not promptly receive notice of the order that he sought to have reviewed on appeal. All of these entries, taken together, might **arguably** support a claim of denial of access to the courts. However, there are no allegations suggesting that such a claim could be brought **against Sparzke**. Furthermore, the trial court ultimately ruled that Wattleton would not be allowed to file a late appeal, because "the appeal is frivolous." (*United States v. Wattleton*, No. 1:99-cr-306-TWT-LTW, Order dated January 23, 2009, [Docket No. 246].) That ruling effectively precludes Wattleton from maintaining **any** claim of denial of access to the courts based on the 2008 proceedings in the Northern District of Georgia. Even if some identifiable federal employee did prevent Wattleton from receiving his copy of the ruling that he later tried to appeal, Wattleton would be unable to show that he suffered any **actual injury**, because the appeal that he wanted to pursue was held to be frivolous. *See White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) ("[t]o prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in **actual injury**, that is, the hindrance of a **nonfrivolous** and arguably meritorious underlying legal claim") (emphasis added).

to occur"). Wattleton's allegations pertaining to his 2008 court proceedings do not support for his current request for injunctive relief.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Wattleton's current pleading does not meet this standard. Wattleton has failed to allege a set of facts showing that Sparzke, (or anyone else), has violated his constitutional right of access to the courts in the past, nor has he alleged any facts showing that Sparzke, (or anyone else), will violate his right of access to the courts in the future. The Court concludes that Plaintiff's complaint fails to state an actionable claim of denial of access to the courts.

Because Wattleton failed to plead an actionable claim for relief, the Court will recommend that his pending IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Wattleton's application for leave to proceed *in forma pauperis*, [Doc. No. 2], be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: April 24, 2012
                                                  *s/Steven E. Rau*
                                                  Steven E. Rau
                                                  U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 8, 2012** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those

objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.